IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| M.D., Individually; A.W., Individually; J.P.S., As Parent and Next Friend of D.S., Minor Child; and D.S., Individually; <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF NEBRASKA, YOUTH REHABILITATION AND TREATMENT CENTER AT GENEVA, NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, of the State of Nebraska; DANNETTE SMITH, Chief Executive Officer of the Department of Health and Human Services, Individually; TREVOR SPIEGEL, Individually; MARK LABOUCHARDIERE, Individually; PAUL GORDAN, Individually; and DAN SCARBOROUGH, Individually; <br><br> Defendants. | **4:21CV3315** <br><br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** |

Three former inmates at the Youth Rehabilitation and Treatment Center at Geneva (YRTC-Geneva) assert constitutional and statutory claims against the State of Nebraska, YRTC-Geneva, the Nebraska Department of Health and Human Services (collectively, the State Defendants), Filing 16 at ¶ 19,[1] and officials of the NDHHS (collectively, the Individual Defendants), Filing 16 at ¶¶ 21–24. This matter is now before the Court on Defendants' April 28, 2022, Motion to Dismiss

---

[1] Citations to the Amended Complaint are to the docket number and paragraph number (*e.g.*, Filing 16 at ¶ 19). Citations to other documents on the docket are to the docket number and docket page number (*e.g.* Filing 24 at 2).

1

Amended Complaint. Filing 23. Plaintiffs filed their Brief in Opposition, Filing 25, on May 18, 2022, and Defendants filed their Reply Brief, Filing 28, on June 15, 2022. For the reasons stated below, the Defendants' Motion is granted. However, the Court will allow Plaintiffs one last opportunity to file a motion to amend pleadings in compliance with NECivR 15.1.

## I. INTRODUCTION

Plaintiffs allege that they were at the pertinent times female juveniles with various mental health diagnoses who were eventually committed to YRTC-Geneva. Filing 16 at ¶¶ 6–7, 10–11, 14–15.[2] Plaintiffs allege that their diagnoses substantially limited each of them in one or more major life activities. Filing 16 at ¶¶ 8 (re DS), 12 (re MD), and 16 (re AW). Plaintiffs allege, as to each of them,

> At all times relevant, Defendants, and each of them, because of their respective positions and job duties within the facility knew or should have known that [each Plaintiff] had the above diagnoses and trauma history. Or else, they acted with deliberate indifference to the conditions of the facilities residents.

Filing 16 at ¶¶ 9 (re DS), 13 (re MD), and 17 (re AW). Plaintiffs allege, generally,

> Defendants, and each of them, subjected D.S., M.D., and A.W. to uninhabitable living conditions, subjected one or more of the plaintiffs to inappropriate solitary confinement, failed to provide adequate mental health care, failed to hire, train, or supervise staff in adequate number, failed to accommodate D.S., M.D., and A.W.'s disabilities in violation of the Americans with Disabilities Act and the Rehabilitation Act, and otherwise denied D.S., M.D., and A.W. the services guaranteed to them under Nebraska state law.

Filing 16 at ¶ 25. Plaintiffs allege that, on or about August 19, 2019, they were removed from YRTC-Geneva and sent to YRTC-Kearney because of the unsafe and unsanitary conditions at YRTC-Geneva. Filing 16 at ¶ 59.

In an Amended Complaint, Filing 16, Plaintiffs assert three causes of action. The first cause of action is a 42 U.S.C. § 1983 claim for violations of the Eighth and Fourteenth Amendments to

---

[2] Plaintiff J.P.S. is the mother, natural guardian, and next friend of D.S. Filing 16 at ¶ 4.

2

the United States Constitution based on deliberate indifference to a substantial risk of serious harm, inhumane conditions, and inadequate medical and mental health care. Filing 16 at ¶¶ 89–99. The second cause of action is a claim of disability discrimination in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §12131 *et. seq.*, and the third cause of action is a claim of disability discrimination in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(20)(B), both based on failing to provide reasonable accommodations to receive healthcare, training, treatment, and services, and by failing to provide these services in the most integrated setting appropriate to their needs, Filing 16 at ¶¶ 100–108; Filing 16 at ¶¶ 109–112.[3] In the "WHEREFORE" paragraph of each cause of action, Plaintiffs seek declaratory and injunctive relief, "general" and "punitive" damages, attorney's fees, costs, expenses, and pre- and post-judgment interest, as well as any and all other relief the Court finds necessary and appropriate.

## II. LEGAL ANALYSIS

### A. Rule 12(b)(6) Standards

This case is now before the Court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting that Plaintiffs have failed to state claims on which relief can be granted. "'[T]hreadbare recitals of the elements of a cause of action' cannot survive a [Rule 12(b)(6)] motion to dismiss." *Du Bois v. Bd. of Regents of Univ. of Minn.*, 987 F.3d 1199, 1205 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, "[a] claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just 'conceivable' but 'plausible' that the defendant is liable." *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 680-83). To put it another way, a court "must determine whether a plaintiff's complaint 'contain[s]

---

[3] Whether intentionally or accidentally, AW is not mentioned as a victim of disability discrimination in violation of the Rehabilitation Act.

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Far E. Aluminium Works Co. v. Viracon, Inc.*, 27 F.4th 1361, 1364 (8th Cir. 2022) (quoting *Braden v. WalMart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). "Mere conclusory statements and factual allegations lacking enough specificity to raise a right to relief above the speculative level are insufficient to support a reasonable inference that the defendant is liable." *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1068 (8th Cir. 2021) (internal quotation marks and citations omitted).

### B. The "Deliberate Indifference" Claim

Defendants first seek dismissal of Plaintiffs' § 1983 claims of "deliberate indifference" in violation of the Eighth and Fourteenth Amendments. Filing 24 at 6.[4] Plaintiffs have not alleged that any Defendants had medical training. The Eighth Circuit Court of Appeals recently explained,

> Prison personnel, like corrections officers, without medical training demonstrate deliberate indifference by "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." [*Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)] (footnotes omitted). Proof of deliberate indifference requires that an inmate show the following: "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it." *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (quoting *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004)).

*Rusness v. Becker Cnty.*, 31 F.4th 606, 614 (8th Cir. 2022). As to the first element, "[a]n objectively serious medical need is one that has been diagnosed by a physician as requiring treatment or one so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *De*

---

[4] "Deliberate indifference" claims by a convicted prisoner are premised on the Eighth Amendment, *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019), while those of a pretrial detainee are premised on the Fourteenth Amendment, *Perry v. Adams*, 993 F.3d 584, 587 (8th Cir. 2021). Likewise, claims for inadequate sanitation may be brought under a deliberate indifference standard under either the Eighth or the Fourteenth Amendment, depending upon the claimants' status as convicted inmates or pretrial detainees. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012). The Eighth Amendment deliberate indifference standards also applies to unsafe conditions of incarceration. *Standish v. Bommel*, 82 F.3d 190, 191 (8th Cir. 1996). While there might be a question as to whether Plaintiffs' claims more appropriately Fourteenth Amendment than Eighth Amendment claims because of the non-criminal nature of Nebraska's juvenile adjudications and dispositions, Defendants recognize that Plaintiffs have asserted violations of both Amendments. Filing 24 at 9 n.3. No party has argued that which Amendment applies determines either the analysis or the outcome of the claims.

4

*Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 802 (8th Cir. 2022). The second element is "subjective": It "requires [Defendants] to have recognized that a substantial risk of harm existed *and* kn[own] that their conduct was inappropriate in light of that risk." *Id.* (emphasis in the original) (internal quotation marks and citations omitted). This standard is "akin to that of criminal recklessness, requiring more than negligence." *Id.* (internal quotation marks and citations omitted).

It is important to add that, "[a]s § 1983 liability for damages for a federal constitutional tort is personal, each defendant's conduct must be independently assessed." *Davis v. White*, 794 F.3d 1008, 1013 (8th Cir. 2015). Similarly, "[t]o state a claim against a supervisor, a plaintiff must show that the supervising official, through his own individual actions, violated the Constitution." *Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020) (citing *Iqbal*, 556 U.S. at 676); *Marsh v. Phelps Cnty.*, 902 F.3d 745, 754 (8th Cir. 2018) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant [including supervisors], through the official's own individual actions, has violated the Constitution." (citing *Iqbal*, 556 U.S. at 676)).

Here, Plaintiffs have failed to state a claim of deliberate indifference where they have failed to allege any plausible basis for any Defendants' knowledge of any Plaintiff's serious medical or psychological needs, cruel and unusual treatment of any Plaintiff, or unsafe conditions at YRTC-Geneva to which any Plaintiff was subjected. *See Ruseness*, 31 F.4th at 614 (deliberate indifference requires that "defendants knew of the need" for care or protection); *see also Far E. Aluminium Works Co.*, 27 F.4th at 1364 (to avoid dismissal, a party must plead a plausible factual basis for a claim). Plaintiffs' allegations of Defendants' knowledge of their mental health conditions are entirely conclusory, based on the Defendants' "respective positions and job duties within the facility." Filing 16 at ¶¶ 9 (re DS), 13 (re MD), and 17 (re AW). Plaintiffs do not allege any facts

5

plausibly suggesting that any Defendant actually knew of any Plaintiff's mental health diagnoses, and conclusory allegations based merely on a Defendant's supervisory position are insufficient. *See Richardson*, 2 F.4th at 1068 (conclusory allegations are not enough to state a claim). Although Smith and other Defendants engaged in "huddle calls," there are no factual allegations making it plausible that any specific disciplinary or other treatment of Plaintiffs or the physical condition of any facilities at YRTC-Geneva where Plaintiffs were housed were ever discussed. Plaintiffs' allegations do not push any particular Defendant's required knowledge across the line from possible to plausible. *See Christopherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022) (allegations that are merely consistent with liability do not cross the line from possible to plausible).

Furthermore, Plaintiffs' allegations fall well short of alleging that any particular Defendant engaged in unconstitutional conduct toward any Plaintiff. *See Morris*, 954 F.3d at 1060; *Davis*, 794 F.3d at 1013. Plaintiffs have alleged only each Defendant's supervisory or managerial role, Filing 16 at ¶¶ 21–24, but that is not enough. *See id*. Plaintiffs have not alleged that any particular Defendant denied any of them proper medical or psychiatric treatment, placed any of them in solitary confinement, or forced any of them into unsafe or unsanitary conditions.

More specifically, as to Dannette Smith, who was the Director of the NDHHS, Filing 16 at ¶ 21, Plaintiffs allege she was "CEO of DHHS" with "ultimate responsibility for the agency" from February 2019, Filing 16 at ¶ 35; that she conducted "huddle calls with YRTC administrators" in April, May, and June of 2019, Filing 16 at ¶ 38; and that she directed Spiegel to manage day-to-day operations of YRTC-Geneva with her, Filing 16 at ¶ 43. These are simply allegations of a supervisory role not allegations of direct misconduct. Plaintiffs also allege that Smith is responsible for failing to hire replacements for the Licensed Clinical Psychologist and the Program Director for YRTC-Geneva. Filing 16 at ¶ 41. Nevertheless, this allegation falls well short of

making it plausible that Smith knew her failure to do so was inappropriate, where Plaintiffs also allege that after the resignations of those two officials, YRTC-Geneva still had a part-time Licensed Clinical Psychologist working from YRTC-Kearney and Scarborough was still administering YRTC-Geneva, Filing 16 at ¶ 32. *See De Rossitte*, 22 F.4th at 802 (explaining that the "subjective" requirement of deliberate indifference "requires [Defendants] to have . . . kn[own] that their conduct was inappropriate in light of [a recognized] risk").

As to Trevor Spiegel, who was the Administrator of the Office of Juvenile Services, Filing 16 at ¶ 23, Plaintiffs allege only that he engaged in "huddle calls," Filing 16 at ¶ 18; that he was directed to report to YRTC-Geneva daily and manage day-to-day operations with Smith, Filing 16 at ¶ 43; and that when he was contacted on August 11, 2019, by the child abuse hotline about reports that inmates were forced to sleep in a contaminated building, he "stated that he had assessed the building and was closing it," Filing 16 at ¶ 57. Thus, these allegations also suggest merely that Spiegel had a supervisory position, while the last allegation plausibly suggests that Spiegel took action to protect the safety of inmates at the YRTC-Geneva not that he was deliberately indifferent to safety issues. Plaintiffs offer no allegations concerning Mark LaBouchardiere beyond that he was the Facility Director over all DHHS facilities including YRTC-Geneva, Filing 16 at ¶ 22. Finally, while Plaintiffs' allegations suggest that Dan Scarborough, who was the Facility Administrator at YRTC-Geneva, Filing 16 at ¶ 24, may have had the most direct contact with YRTC-Geneva, there are still no allegations alleging that he engaged in unconstitutional conduct toward any Plaintiff. Rather, the allegations about him are that he engaged in "huddle calls" with Smith and Spiegel, Filing 16 at ¶ 38, and that he concluded that no rooms would be taken out of service in a cottage where a sprinkler head was broken on May 28, 2019, Filing 16 at ¶ 42, but Plaintiffs do not allege any of them lived in that cottage at the time.

Thus, Defendants' Motion to Dismiss is granted as to Plaintiffs' first cause of action.

### C. The "Disability Discrimination" Claims

Defendants also seek dismissal of Plaintiffs' second cause of action for violation of Title II of the ADA and their third cause of action for violation of Section 504 of the Rehabilitation Act. Filing 24 at 17. Defendants contend that the allegations of disability discrimination do not plausibly suggest discriminatory intent or denial of benefits based on Plaintiffs' disabilities. Filing 24 at Filing 19. The Court agrees.

The Eighth Circuit Court of Appeals has explained,

> Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In order to state a claim under Title II of the ADA, a plaintiff must allege
>
>> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the [prison's] services, programs, or activities, or was otherwise subjected to discrimination by the [prison]; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.
>
> *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010); *see also Folkerts v. City of Waverly*, 707 F.3d 975, 983 (8th Cir. 2013).

*Rinehart v. Weitzell*, 964 F.3d 684, 688 (8th Cir. 2020) (footnote omitted); *see also I.Z.M. v. Rosemount-Apple Valley-Eagan Pub. Sch.*, 863 F.3d 966, 972 (8th Cir. 2017) (explaining that Section 504 of the Rehabilitation Act and Title II of the ADA "provide[ ] the same rights, procedures, and remedies against discrimination." (quoting *Mo. Prot. & Advocacy Servs., Inc. v. Carnahan*, 499 F.3d 803, 812 (8th Cir. 2007)).

Plaintiffs may have plausibly pleaded that they were excluded from participation in or denied benefits of proper mental health treatment and services in the most integrated setting appropriate to their needs. Filing 16 ¶¶ 108 (ADA claim), 112 (Rehabilitation Act claim); *see also*

8

*Rinehart*, 964 F.3d at 688 (element two). This is true as to allegations of either the lack of treatment generally or the lack of treatment while in "solitary confinement." *See, e.g.,* Filing 16 at ¶¶ 66 (alleging no mental health treatment was provided to children in solitary confinement), 74 (alleging YRTC-Geneva offered its residents no programming or meaningful treatment). Even so, Plaintiffs have not pleaded any plausible factual basis that such denial "was by reason of [their] disabilit[ies]." *Rinehart*, 964 F.3d at 688 (internal quotation marks and citations omitted). Indeed, Plaintiffs allege that they were placed in solitary confinement "for any or no reason at all, including to maintain control of an understaffed, unsanitary, and unsafe facility that offered its residents no programming or meaningful treatment," Filing 16 at ¶ 74, but they do not allege such placement was because of their disabilities. Furthermore, the Court has not found any factual allegations suggesting that any Defendant had the intent to discriminate against any Plaintiff because of her disabilities. *Rinehart*, 964 F.3d at 688.

Thus, Defendants' Motion is also granted as to Plaintiffs' claims under Title II of the ADA and Section 504 of the Rehabilitation Act.

### D. Other Matters

*1. Injunctive and Declaratory Relief*

In addition or in the alternative, Defendants argue that Plaintiffs do not assert any cognizable claim for injunctive or declaratory relief. Filing 24 at 21. Defendants point out that Plaintiffs allege that they were removed from YRTC-Geneva in August 2019, and they do not allege that the facility is still in operation. Filing 24 at 21. Defendants argue that because the acts or omissions giving rise to Plaintiffs' claims ended on August 19, 2019, there is no case or controversy giving Plaintiffs standing for a claim for injunctive or declaratory relief. Filing 16 at ¶ 22. Suing an officer in his or her official capacity "does not permit judgments against state officers declaring that they violated federal law in the past." *Puerto Rico Aqueduct & Sewer Auth.*

*v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). "[D]eclaratory relief is limited to prospective declaratory relief." *Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019). Similarly, where Plaintiffs are no longer subject to the conditions at YRTC-Geneva, there is nothing to enjoin. *See Hamner v. Burls*, 937 F.3d 1171, 1175 (8th Cir. 2019).

Defendants' Motion is granted as to claims for declaratory and injunctive relief.

*2. Punitive Damages*

Finally, Defendants seek dismissal of claims for punitive damages under the ADA or the Rehabilitation Act because such damages are not available under those Acts. Filing 24 at 23. The Court agrees. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002) ("Because punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act.").

Defendants' Motion is granted as to the claims for punitive damages on Plaintiffs' ADA and Rehabilitation Act claims.

### E. Further Amendment

In their Opposition Brief, Plaintiffs request leave to amend if the Court finds that their Amended Complaint does not state a claim on which relief can be granted on any of their causes of action. Filing 25 at 20–21. Defendants oppose this request because Plaintiffs have not included a copy of a proposed pleading as required by NECivR 15.1. It is within the court's discretion to grant post-dismissal leave to amend. *See City of Plantation Police Officers Pension Fund v. Meredith Corp.*, 16 F.4th 553, 558 (8th Cir. 2021). A court may deny leave if amending a complaint would be futile—meaning that it would not survive a motion to dismiss—or because the moving party failed to offer a proposed amended complaint. *See id.* Denial is also appropriate when a party has failed multiple times to adequately plead its claims. *See Knowles v. TD*

10

*Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021). The Court is less concerned with Plaintiffs' failure to attach a proposed pleading anticipating what the Court might determine was deficient in the Amended Complaint than it is with Plaintiffs' two prior bites at the apple to try to state claims. Plaintiffs filed an original Complaint in state court, Filing 1-1, and then after removal filed an Amended Complaint in this court, in response to Defendants' original Motion to Dismiss, Filing 7. Nevertheless, because the Court is not convinced that Plaintiffs cannot adequately plead claims that would survive a motion to dismiss, the Court concludes that the ends of justice will be best served by allowing Plaintiffs one last opportunity to file a request for leave to amend that complies with NECivR 15.1.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that:

1. Defendants' April 28, 2022, Motion to Dismiss Amended Complaint is granted, and Plaintiffs' Amended Complaint is dismissed in its entirety; and

2. Plaintiffs shall have fourteen days from the date of this Order within which to file a request for leave to amend in compliance with NECivR 15.1.

Dated this 22nd day of July, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge