IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| M.D., Individually; A.W., Individually; J.P.S., As Parent and Next Friend of D.S., Minor Child; and D.S., Individually;<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF NEBRASKA; YOUTH REHABILITATION AND TREATMENT CENTER AT GENEVA; NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, of the State of Nebraska; DANNETTE SMITH, Chief Executive Officer of the Department of Health and Human Services, Individually; TREVOR SPIEGEL, Individually; MARK LABOUCHARDIERE, Individually; PAUL GORDAN, Individually; and DAN SCARBOROUGH, Individually;<br><br>Defendants. | **4:21CV3315**<br><br>**ORDER REGARDING MOTION FOR PARTIAL DISMISSAL** |
| J.P., as Next Friend of A.S.W.; and A.S.W., Individually;<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF NEBRASKA; YOUTH REHABILITATION AND TREATMENT CENTER AT GENEVA; NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES OF THE STATE OF NEBRASKA; DANNETTE SMITH, Chief Executive Officer of the Department of Health and Human Services, Individually; TREVOR SPIEGEL, Individually; MARK LABOUCHARDIERE, Individually; and DAN SCARBOROUGH, Individually;<br><br>Defendants. | **4:22CV3095**<br><br>**ORDER REGARDING MOTION FOR PARTIAL DISMISSAL** |

Case No. 4:21cv3315 is before the Court on the September 6, 2022, Partial Motion [sic] to Dismiss Second Amended Complaint by Defendants in that case. Filing 40.[1] Defendants seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure of Plaintiffs' claim pursuant to 42 U.S.C. § 1983 against Defendant LaBouchardiere in his individual capacity and all claims against the State Defendants and Individual Defendants in their Official Capacities under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (ADA), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (Rehabilitation Act). Filing 40 at 1–2. Defendants contend that Plaintiffs fail to state a claim against Defendant LaBouchardiere in his individual capacity because they fail to allege facts supporting his direct and personal involvement in any purported constitutional violation. Filing 41 at 3. Defendants contend further that Plaintiffs fail to state a claim upon which relief can be granted against the State Defendants and the Individual Defendants in their official capacities for violations of the ADA and the Rehabilitation Act because the damages they seek are not recoverable on those causes of action. Filing 41 at 3. In a Response filed September 27, 2022, Plaintiffs in Case No. 4:21cv3315 "submit to the court that they consent to proceed on their claims against individual defendants Smith, Spiegel, and Scarborough under 42 U.S.C. §1983 as set forth in the second amended complaint and do not intend to file a brief in opposition to Defendants' partial motion to dismiss." Filing 42 at 1.

The Court concludes, and Plaintiffs evidently concede, that there are no sufficient allegations of Defendant LaBouchardiere's personal involvement in any unconstitutional conduct. *See Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020) (explaining that "[t]o state a claim against a supervisor, a plaintiff must show that the supervising official, through his own individual

---

[1] A "Partial Motion" begs the question, where is the rest of it? The Court construes Defendants' motion to be a motion for partial dismissal.

actions, violated the Constitution." (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))); *Marsh v. Phelps Cnty.*, 902 F.3d 745, 754 (8th Cir. 2018) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant [including supervisors], through the official's own individual actions, has violated the Constitution." (citing *Iqbal*, 556 U.S. at 676)); *Davis v. White*, 794 F.3d 1008, 1013 (8th Cir. 2015) ("As § 1983 liability for damages for a federal constitutional tort is personal, each defendant's conduct must be independently assessed."). The Court also concludes that the only kind of "general damages" Plaintiffs seek on their ADA and Rehabilitation Act claim are damages, are "past, present, and future pain, suffering, mental anguish and distress, humiliation, and the loss of their enjoyment of life"—in short, emotional distress damages. *See* Filing 37 at 33 (ADA claim, Prayer, ¶ A); Filing 37 at 34 (Rehabilitation Act claim, Prayer, ¶ A). The United States Supreme Court determined that the Rehabilitation Act does not permit damages for emotional distress. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1563, 1572, 1576 (2022). Because the Rehabilitation Act does not allow such damages, neither does the ADA. *See Barnes v. Gorman*, 536 U.S. 181, 185 (2002) ("Section 203 of the ADA declares that the 'remedies, procedures, and rights set forth in [§ 505(a)(2) of the Rehabilitation Act] shall be the remedies, procedures, and rights this subchapter provides' for violations of § 202.") (internal citation omitted). Under applicable law, the challenged parts of Plaintiffs' claims do not state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Accordingly,

IT IS ORDERED that the September 6, 2022, Partial Motion [sic] to Dismiss Second Amended Complaint by Defendants in Case No. 4:21cv3315, Filing 40, is granted. This case will

proceed only against Defendants Smith, Spiegel, and Scarborough, in their individual capacities,

on the claim of Eighth and Fourteenth Amendment violations under 42 U.S.C. §1983.


Dated this 28th day of September, 2022.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge