IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| M.D., Individually; A.W., Individually; J.P.S., As Parent and Next Friend of D.S., Minor Child; and D.S., Individually;<br><br>Plaintiffs,<br><br>vs.<br><br>DANNETTE SMITH, Chief Executive Officer of the Department of Health and Human Services, Individually; TREVOR SPIEGEL, Individually; and DAN SCARBOROUGH, Individually;<br><br>Defendants. | 4:21CV3315<br><br><br><br>**THIRD AMENDED<br>CASE PROGRESSION ORDER** |
| J.P., as Next Friend of A.S.W.; and A.S.W., Individually;<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF NEBRASKA, The; YOUTH REHABILITATION AND TREATMENT CENTER AT GENEVA, The; NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES OF THE STATE OF NEBRASKA, The; DANNETTE SMITH, Chief Executive Officer of the Department of Health and Human Services, Individually; TREVOR SPIEGEL, Individually; MARK LABOUCHARDIERE, Individually; and DAN SCARBOROUGH, Individually;<br><br>Defendants. | 4:22CV3095<br><br><br><br>**THIRD AMENDED<br>CASE PROGRESSION ORDER** |

THIS MATTER is before the Court on the Joint Motion to Enlarge Deadline to Disclose Expert Reports. (Filing No. 97 in the lead case). After review of the parties' motion, the Court finds good cause to grant the requested extensions. Accordingly,

**IT IS ORDERED** that the Joint Motion to Enlarge Deadline to Disclose Expert Reports. (Filing No. 97 in the lead case) is granted, and the second amended final progression order is amended as follows:

1)     The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are extended as follows:

|  |  |
|---|---|
| For the plaintiffs: | **August 20, 2024** |
| For the defendants: | **October 8, 2024** |
| Defendants' disclosures as to M.D. Only: | **November 1, 2024** |

2)     The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, remains **October 29, 2024**.

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 15.

    b. Depositions will be limited by Rule 30(d)(1).

3)     The status conference to discuss **case progression, the parties' interest in settlement, and the trial and pretrial conference settings** remains scheduled with the undersigned magistrate judge by telephone on **October 29, 2024** at **2:00 p.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 87 in the lead case).

4)     The deadline for filing motions to dismiss and motions for summary judgment remains **November 27, 2024**.

5)     The deadline for filing motions to exclude testimony on *Daubert* and related grounds remains **November 27, 2024**.

6)     The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

7)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 21st day of August, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.